IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT WALKER,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES<br><br>Case No. 2:25-cv-00915-JNP<br><br>Chief District Judge Jill N. Parrish |

Before the court is the motion of plaintiff Scott Walker's attorney, Brian Konoski, seeking attorney's fees under 42 U.S.C. § 406(b). Dkt. No. 19. For the following reasons, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Scott Walker brought this action against Social Security Administration Commissioner Frank Bisignano on October 14, 2025. Dkt. No. 1. On December 22, 2025, defendant moved to remand the case to the Social Security Administration for further proceedings. Dkt. No. 14. This court granted defendant's motion. Dkt. No. 15. On February 18, 2026, plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Dkt. No. 17. Plaintiff sought $1,430.00 in fees, which this court approved. Dkt. No. 18.

In the motion now before this court, Bryan Konoski, Mr. Walker's attorney, seeks attorney's fees under 42 U.S.C. § 406(b). Mr. Konoski seeks a net fee of $7,309.73, which represents a total fee of $8,739.73 minus the court's previously awarded Equal Access to Justice Act fee of

$1,430.00. Dkt. No. 19, at 1. Commissioner Bisignano filed a response that neither opposed nor supported Mr. Konoski's request. Dkt. No. 20.

**LEGAL STANDARD**

42 U.S.C. § 406(b) permits district courts to authorize attorney's fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the court's] judgment." District courts must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "In making a reasonableness determination, the district court should consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case." *Martinez v. Berryhill*, 699 Fed. App'x 775, 779 (10th Cir. 2017) (unpublished) (citing *Gisbrecht*, 535 U.S. at 808).

Attorneys who receive fee awards under both § 406(b) and the Equal Access to Justice Act must refund the smaller fee awarded to the claimant. *Id.* at 796. "The proper procedure is for the attorney to make the [Equal Access to Justice Act] refund from the § 406(b) award, not to request a smaller § 406(b) award." *Hill v. Astrue*, 248 Fed. App'x 923, 926 n.3 (10th Cir. 2007) (unpublished).

**ANALYSIS**

Fee determinations begin with the contingent-fee arrangement, which is then tested for reasonableness. *See Hill v. Astrue*, 248 Fed. App'x at 928 (citing *Gisbrecht*, 535 U.S. at 808) ("The touchstone of an award of attorney's fees under § 406(b) is whether the amount requested is reasonable, and the inquiry begins with the terms of the fee agreement."). Mr. Walker's contingent-

fee agreement with his attorney explains that the "attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded . . . ." Dkt. No. 19-2, at 9. This agreement thus complies with § 406(b), which permits district courts to award attorney's fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the court's] judgment." Although this agreement aligns with § 406(b), it remains this court's duty to independently assess the fee's reasonableness.

Mr. Konoski's requested fee is just over 13% of Mr. Walker's past-due benefits, which is well below the 25% ceiling imposed by § 406(b). Moreover, several factors suggest that the fee is reasonable. Nothing suggests that Mr. Konoski's representation of Mr. Walker was less than reasonable, and nothing suggests that he caused any delay in the proceedings. Further, Mr. Walker was awarded Social Security benefits, which represents a satisfactory result. Each of these factors weighs in favor of the fee's reasonableness.

One factor, however, weighs heavily against the reasonableness of the fee. This factor concerns whether the benefits are large in comparison to the time the attorney spent on the case. *See Martinez*, 699 Fed. App'x at 779. The timesheet attached to Mr. Konoski's motion shows that he logged two-and-a-half hours of work and paralegals at his firm logged an additional six-and-a-half hours of work. Dkt. No. 19-2, at 12. Mr. Konoski's fee request of $8,739.73 therefore equates to an effective rate of $3,495.89 per attorney's hour of work. This figure far exceeds any amount awarded under § 406(b) in this district.[1]

---

[1] *See Weng C. v. Bisignano*, No. 2:25-CV-00226, 2026 WL 2530240 (D. Utah Aug. 27, 2026) (approving an hourly rate of $977.44); *Cook v. Bisignano*, No. 2:24-CV-898-DBP, 2026 WL 1211747 (D. Utah May 4, 2026) (approving an hourly rate of $773.69); *Madisyn D. v. Bisignano*, No. 2:23-CV-00867, 2025 WL 3157835 (D. Utah Nov. 12, 2025) (approving an hourly rate of $581.37); *Ramiza S. v. Bisignano*, No. 2:23-CV-00161, 2025 WL 2962579 (D. Utah Oct. 17, 2025)

This case does not appear to have been especially difficult or complex, particularly given the minimal amount of time Mr. Konoski spent on it. Accordingly, a fee award of $8,739.73 "would be a windfall for obtaining a voluntary remand in a substantively easy and routine case." *Scherffius v. Astrue*, 296 Fed. App'x 616, 620 (10th Cir. 2008) (unpublished) (holding that it was not an abuse of the district court's discretion to reduce a fee award representing a $422 hourly rate to one representing a $200 hourly rate). In this case, the government agreed to a voluntary remand. Although that remand resulted in Mr. Walker's receiving Social Security benefits, it does not appear to have taken Mr. Konoski much time or effort to accomplish. Thus, the requested fee award is unreasonable considering the amount of time Mr. Konoski spent on this case and the fee award must be adjusted downward. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

In his declaration, Mr. Konoski argues that his background and experience "substantiate the reasonableness of the fees requested." Dkt. No. 19, at 6. He also argues that "[p]recluding counsel from receiving full contingency fees for work performed on cases won would be a disincentive and effectively eliminate access to experienced counsel for claimants intending to appeal the Commissioner's final determination denying benefits." *Id.* at 5. This court is conscious

---

(rejecting as excessive an hourly rate of $1,246.40 and adjusting the fee award downward to $800 per hour); *Naufahu T. v. Bisignano*, No. 2:23-CV-00570-CMR, 2025 WL 2803248 (D. Utah Sept. 30, 2025) (rejecting as "exorbitant" an hourly rate of $1,430.61 and adjusting the fee downward to $714.56); *Desjardins v. Bisignano*, No. 2:22-CV-00021-CMR, 2025 WL 2144806 (D. Utah July 29, 2025) (approving an hourly rate of $227.16); *Morris v. Bisignano*, No. 2:20-CV-00663-TC, 2025 WL 1880707 (D. Utah July 7, 2025) (approving an hourly rate of $318.85); *Karianne L. v. Dudek*, No. 2:23-CV-00226, 2025 WL 1347144 (D. Utah May 8, 2025) (approving an hourly rate of $833.94 but noting that "it approaches the upper limit of [a reasonable] range").

of the risk inherent in Social Security appeals and recognizes that the attorney's fee may—to some degree—account for that risk. *See generally Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011) (concluding that just under 35% of Social Security appeals to district courts resulted in eventual grant of benefits). Yet, although this court agrees that attorneys must be adequately compensated to ensure that Social Security claimants receive competent representation in appeals, this court cannot accept as reasonable the $3,495.89 hourly rate sought by Mr. Konoski. This case was not complex and required minimal work, and the requested fee is nothing short of a total windfall that this court will not endorse.

Other courts considering Mr. Konoski's fee requests for similar limited-effort cases have also concluded that fee-award reductions were warranted. *See Aaron T. v. Bisignano*, No. 4:24-CV-04046-SLD-RLH, 2026 WL 1470903, at *2 (C.D. Ill. May 26, 2026) (reducing Mr. Konoski's fee award to an hourly rate of $1,500 given "the limited efforts expended on th[e] case"); *Paterson v. Bisignano*, No. 24-CV-700-AMB, 2026 WL 1557143, at *1 (W.D. Wis. June 2, 2026) (reducing Mr. Konoski's fee award to an hourly rate of $1,000 given that the "case was not particularly difficult or contentious, and did not require the kind of skillful, experienced, and ardent legal representation that would justify" nearly $3,000 per hour); *Miguelina T. v. Bisignano*, No. 3:24-CV-01536 (VDO), 2026 WL 1786095, at *3 (D. Conn. Jan. 22, 2026) (reducing Mr. Konoski's fee award to an hourly rate of $1,500 because "the only substantive work that Attorney Konoski performed in the district court was a review of the file to determine whether to represent Plaintiff and the preparation of a settlement packet and email to resolve EAJA fees"). This court likewise concludes that the limited complexity of this case does not support the hourly rate of $3,495.89 Mr. Konoski seeks. The limited complexity, coupled with the risk inherent to Social Security appeals, leads this court to order a reduction to $1,500 per hour of attorney's work, which is in line

with other reductions ordered by district courts considering similar facts. Because Mr. Konoski's timesheet also reflects six-and-a-half hours of paralegal time, this court also orders an additional $780 to account for that work. This yields a total of $4,530.

Finally, although Mr. Konoski asked this court to reduce his fee award by the previously awarded Equal Access to Justice Act fees, such procedure is improper. *See Hill v. Astrue*, 248 Fed. App'x at 926 n.3 ("The proper procedure is for the attorney to make the [Equal Access to Justice Act] refund from the § 406(b) award, not to request a smaller § 406(b) award."). Mr. Konoski must directly refund Mr. Walker the previously awarded $1,430.

**CONCLUSION AND ORDER**

For the reasons above, the court ORDERS:

1. Plaintiff's motion for attorney's fees is GRANTED in part and DENIED in part. Dkt. No. 19.
2. The Social Security Administration shall pay Mr. Konoski $4,530.00 out of plaintiff's past-due benefits.
3. Upon receipt of the fees awarded in this order, Mr. Konoski must refund to plaintiff the previously awarded $1,430.00 in Equal Access to Justice Act fees.

DATED October 28, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Court Judge
District of Utah